JUSTIN J. ZARCONE
Nevada Bar No. 8735
ATKIN WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
jzarcone@awslawyers.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 702 HELICOPTER, a Nevada Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY POLSTON, an Individual; THEODORE P. WRIGHT ENTERPRISES, INC., a Montana Corporation, <br><br> Defendants. | CASE NO.: 2:18-CV-02055 <br><br> **ANSWER TO COMPLAINT AND COUNTER CLAIM** |

COME NOW Defendants, ASHLEY POSTON and THEODORE P. WRIGHT ENTPERPRISES, INC,., by and through their attorney, Justin J. Zarcone of Atkin Winner & Sherrod, and for their Answer to the Complaint on file herein, admit, deny and allege as follows:

**PARTIES**

1. Answering Paragraph 1 of the Complaint on file herein, these answering Defendants state that they do not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in said Paragraph and, upon said ground, deny each and every allegation contained therein. Defendants will hold Plaintiff to all proofs.

2. Answering Paragraphs 2 and 3 of the Complaint on file herein, these answering Defendants admit each and every allegation contained therein.

**JURISDICTION AND VENUE**

3. Answering Paragraph 3 of the Complaint on file herein, these answering Defendants allege their answers in Paragraphs 1 through 3 above as if fully set forth at this point

1 and incorporate them herein by reference.

2     4. Answering Paragraphs 5, 6 and 8 of the Complaint on file herein, these answering Defendants state that they do not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in said Paragraphs and, upon said ground, deny each and every allegation contained therein. Defendants will hold Plaintiff to all proofs.

    5. Answering Paragraph 7 of the Complaint on file herein, Defendants admit that the Court has personal jurisdiction not to be unreasonable, but denies any and all allegations of wrongdoing as alleged in this Paragraph. Defendants will hold Plaintiff to all proofs.

## GENERAL ALLEGATIONS

    6. Answering Paragraph 9 of the Complaint on file herein, these answering Defendants allege their answers in Paragraphs 1 through 8 above as if fully set forth at this point and incorporate them herein by reference.

    7. Answering Paragraphs 10, 14, 15, 16, 17, 19, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32 and 33, these answering Defendants deny each and every allegation contained therein. Defendants will hold Plaintiff to all proofs.

    8. Answering Paragraphs 11, 12, 18, 20, 21 and 24, these answering Defendants state that they do not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in said Paragraphs and, upon said ground, deny each and every allegation contained therein. Defendants will hold Plaintiff to all proofs.

    9. Answering Paragraph 13 of the Complaint on file herein, these answering Defendants admit each and every allegation contained therein.

## FIRST CAUSE OF ACTION

**(Breach of Contract – Anticipatory Breach – against Wright Enterprises)**

    10. Answering Paragraph 34 of the Complaint on file herein, these answering Defendants allege their answers in Paragraphs 1 through 33 above as if fully set forth at this point and incorporate them herein by reference.

    11. Answering Paragraphs 35, 36, 37 and 38 of the Complaint on file herein, these

answering Defendants deny each and every allegation contained therein. Defendants will hold Plaintiff to all proofs.

## SECOND CAUSE OF ACTION

**(Breach of Covenant of Good Faith and Fair Dealing Against Wright Enterprises)**

12. Answering Paragraph 39 of the Complaint on file herein, these answering Defendants allege their answers in Paragraphs 1 through 38 above as if fully set forth at this point and incorporate them herein by reference.

13. Answering Paragraph 40 of the Complaint on file herein, these answering Defendants admit each and every allegation contained therein.

14. Answering Paragraph 41 of the Complaint on file herein, these answering Defendants state that they do not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in said Paragraphs and, upon said ground, deny each and every allegation contained therein. Defendants will hold Plaintiff to all proofs.

15. Answering Paragraphs 42, 43, 44, 45 and 46 of the Complaint on file herein, these answering Defendants deny each and every allegation contained therein. Defendants will hold Plaintiff to all proofs.

## THIRD CAUSE OF ACTION

**(Declaratory Relief against All Defendants)**

17. Answering Paragraph 47 of the Complaint on file herein, these answering Defendants allege their answers in Paragraphs 1 through 46 above as if fully set forth at this point and incorporate them herein by reference.

18. Answering Paragraph 48 of the Complaint on file herein, these answering Defendants admit each and every allegation contained therein.

19. Answering Paragraph 49 of the Complaint on file herein, these answering Defendants state that they do not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in said Paragraphs and, upon said ground, deny each and every allegation contained therein. Defendants will hold Plaintiff to all proofs.

20. Answering Paragraphs 50 and 51 of the Complaint on file herein, these answering Defendants deny each and every allegation contained therein.  Defendants will hold Plaintiff to all proofs.

## FOURTH CAUSE OF ACTION

### (Slander of Title against All Defendants)

21. Answering Paragraph 52 of the Complaint on file herein, these answering Defendants allege their answers in Paragraphs 1 through 51 above as if fully set forth at this point and incorporate them herein by reference.

22. Answering Paragraphs 53, 54, 55, 56 and 57 of the Complaint on file herein, these answering Defendants deny each and every allegation contained therein.  Defendants will hold Plaintiff to all proofs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants allege that at all times relevant hereto the damages, if any, sustained by the Plaintiff were as a result of the fault, lack of care, negligence, breach of duty, breach of warranty or misrepresentation of a third party over whom these answering Defendants had no control or legal relationship or that the damages sustained by the Plaintiff were the result of a defective manufacture of a product not produced by these Defendants.

### SECOND AFFIRMATIVE DEFENSE

Defendants allege that the allegations contained in the Plaintiff's Complaint failed to state a cause of action against Defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has refused performance and attempted to coerce Defendants by such duress into not asserting their valid claims and by such breach Plaintiff is estopped to claim any damages, and have waived any breach of contract by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

The issuance of the contract alleged in the Complaint was obtained from Defendants by

misrepresentations of material fact going to essence of the contract.

**FIFTH AFFIRMATIVE DEFENSE**

The lawsuit, as filed by Plaintiff, was brought solely for the purpose of coercing a settlement and that the Plaintiff's claims have no basis in law or in fact and, pursuant to NRCP 11, as amended, entitle Defendants to an award of reasonable attorney's fees and costs.

**SIXTH AFFIRMATIVE DEFENSE**

That it has been necessary for the Defendants to employ the services of an attorney to defend this action and a reasonable sum should be allowed Defendants as and for attorney's fees together with their costs expended in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

Pursuant to Nevada Rules of Civil Practice 11, as amended, all possible affirmative defenses have not been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of the Defendants' Answer and, therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrant.

WHEREFORE, Defendants, ASHLEY POLSTON and THEODORE WRIGHT ENTERPRISES, INC. demand judgment that the Plaintiff take nothing by way of its Complaint on file herein and that Defendants be awarded reasonable attorney's fees.

**COUNTERCLAIM**

Defendants/Counterclaimants ASHLEY POLSTON and THEODORE WRIGHT ENTERPRISES, INC., (hereinafter individually referred to as "Polston" and "Wright" or collectively as "Defendants/counterclaimants") hereby assert their Counterclaim against Plaintiff/Counter-defendant 702 Helicopter, Inc. (hereinafter referred to as "702") as follows:

**I.**

**PARTIES, JURISIDCTION AND VENUE**

1. Defendant/Counterclaimant Polston is and was at all times relevant herein an individual who resides in the State of Missouri.

2. Defendant/Counterclaimant Wright was and is at all times relevant herein, a Montana Corporation doing business in Clark County, Nevada.

3. Plaintiff/Counter-defendant 702 Helicopter, Inc. is, and was at all times relevant hereto, a Nevada corporation with its principal place of business in Clark County, Nevada.

4. Jurisdiction and venue over this matter are proper in this judicial district pursuant to 28 U.S.C. 1332.

5. The Court has personal jurisdiction over 702 because it is a Nevada entity which entered into an agreement with a foreign person and entity doing business in this state.

6. Venue is proper in this United States District Court for the pursuant to 28 U.S.C. 1391, as the transaction which is the subject of this litigation took place in Clark County, NV.

## II.

## GENERAL ALLEGATIONS

7. Defendants/Counterclaimants repeat and reallege the allegations set forth in Paragraphs 1 through 6 as though fully set forth herein.

8. In 2017, Wright acquired an AS350BA Eurocopter France helicopter bearing FAA registration number N123PC (hereinafter the "helicopter").

9. On or about May 1, 2017, Wright entered into an agreement to lease the Helicopter to for a term of 84 months. Pursuant to the lease agreement, 702 was to make payments to Wright for the use of the Helicopter as follows: eighteen (18) payments of $5,000; sixty-four (64) payments of $8,808.00 and two (2) payments in the amount of $1,386.00) on the first day of each month.

10. In addition to the lease payments, the lease agreement states that as lessee, 702 was responsible for all maintenance on the Helicopter during the period of time it was being used.

11. On or about May 1, 2017, 702 and Wright executed an Option Purchase Agreement for the Helicopter. Pursuant to the Option Purchase Agreement, 702 had the option to purchase the helicopter for the sum of $475,000, if it had elected to purchase the Helicopter on or before the date of the eighteenth (18th) payment to Wright. Payments would then continue as they had

under the lease agreement until the amount was paid in full.

12. On or about May 1, 2017, 702 and Wright entered into Security Addendum whereby 702 granted Wright a security interest in another helicopter owned by 702, bearing FAA registration number N350VH, as security for payment of the lease obligations.

13. Following the commencement of the lease agreement, 702 exercised its option to purchase the helicopter and requested the title of the helicopter be transferred to it. Wright agreed to the transfer title with the understanding that 702 would continue to make payments as set forth in the lease agreement until the purchase price was paid in full. As security for payment, Wright obtained a security interest in the helicopter to ensure payment of the purchase price and filed such interest with the Federal Aviation Administration.

14. Thereafter, Wright assigned the right to receive payments under the foregoing agreements to Defendant/counterclaimant Polston.

15. On December 7, 2017, a security interest was recorded against the helicopter.

16. Beginning August 2018, 702 failed to make its payments to Wright as required pursuant to the Lease Agreement and Purchase Option Agreement.

17. Payment of the purchase price was never presented to Wright and an amount remains due and owing to Defendant/counterclaimant in an amount in excess of $75,000.

### III.

### FIRST CAUSE OF ACTION

**(Breach of Contract)**

18. Defendants/counterclaimants repeat and reallege the allegations set forth in Paragraphs 1 through 17 as though fully set forth herein.

19. A valid and binding agreement exists between 702 and Defendants/Counterclaimants.

20. 702 Helicopter failed to make payments to Defendant/counterclaimant as required by the agreement.

21. 702's failure to make payments to Defendants/counterclaimants constitutes a breach of contract.

22. Due to the breach of contract, Defendants/counterclaimants have been damaged in an amount in excess of $75,000.

23. Defendants/counterclaimants have been forced to retain counsel to prosecute this action and are, therefore, entitled to an award of attorneys' fees and costs provided by law.

## SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

24. Defendants/counterclaimants repeat and reallege the allegations set forth in Paragraphs 1 through 23 as though fully set forth herein.

25. Every contract imposes upon the contracting parties a duty of good faith and fair dealing.

26. Plaintiff/counter-defendant had a duty to act in good faith and deal fairly with Defendants/counterclaimants with respect to the transactions noted herein.

27. Plaintiff/counter-defendant breached that duty when it failed and refused to make payments to Defendants/counterclaimants as required.

28. As a direct and proximate result of Plaintiff/counter-defendant's actions and omissions, Defendants/counterclaimants will suffer direct, incident and consequential damages in an amount in excess of $75,000.

29. Defendants/counterclaimants have been forced to retain counsel to prosecute this action and are, therefore, entitled to an award of attorneys' fees and costs provided by law.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

30. Defendants/counterclaimants repeat and reallege the allegations set forth in Paragraphs 1 through 29 as though fully set forth herein.

31. 702 has been unjustly enriched as a result of the transfer of title of the helicopter without having paid Defendant/counterclaimant the amounts due and owing.

32. Defendants/counterclaimants have requested payment from 702 for the balance of the purchase price of the helicopter, but payment has not been received.

33. It would be unjust to permit 702 to retain the helicopter without having paid the amounts

1  due and owing to Defendants/counterclaimants.

2  34. As a direct and proximate cause of 702's unjust enrichment, Plaintiff has incurred
3  damages in an amount in excess of $75,000.

4  35. Defendants/counterclaimants have been forced to retain counsel to prosecute this action
5  and are, therefore, entitled to an award of attorneys' fees and costs provided by law.

## FOURTH CAUSE OF ACTION

**(Conversion)**

36. Defendants/counterclaimants repeat and reallege the allegations set forth in Paragraphs 1 through 35 as though fully set forth herein.

37. That 702 has converted the Helicopter to its use in the daily operations of its business operations to the exclusion of Defendant/counterclaimant.

38. That 702 took possession and control over the Helicopter without paying the agreed upon purchase price to Defendants/counterclaimants as set forth in the Agreements described herein.

39. That 702's possession of the Helicopter without the agreed upon consideration to Defendant/counterclaimants deprived them of the rights associated with ownership.

40. That due to 702's unlawful conversion of the Helicopter, Defendants/counterclaimants have sustained damages in an amount in excess of $75,000.

WHEREFORE, Defendants/counterclaimants Polston and Wright pray for relief as follows:

1. For actual, general and specific damages in excess of $75,000 from Plaintiff/counter-defendant to be proven at trial;
2. For attorneys' fees and costs of suit.

/ / /
/ / /
/ / /
/ / /
/ / /

3.  For such other relief as the Court shall deem just and property in the premises.

DATED this 28th day of November, 2018.

                              ATKIN WINNER & SHERROD

                              */s/ Justin Zarcone*
                              Justin J. Zarcone
                              Nevada Bar No. 8735
                              1117 South Rancho Drive
                              Las Vegas, Nevada 89102
                              Attorneys for Defendants