ADAM K. BULT, ESQ., Nevada Bar No. 9332
abult@bhfs.com
EMILY A. ELLIS, ESQ., Nevada Bar No. 11956
eellis@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:  702.382.8135

*Attorneys for Plaintiff/Counterdefendant*
*702 Helicopter*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| 702 HELICOPTER, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY POLSTON, an Individual; THEODORE R. WRIGHT ENTERPRISES, INC., a Montana corporation,<br><br>Defendants.<br><br>ASHLEY POLSTON, an Individual; and THEODORE P. WRIGHT ENTERPRISES, INC., a Montana Corporation,<br><br>Counterclaimants,<br><br>v.<br><br>702 HELICOPTER, a Nevada Corporation,<br><br>Counterdefendant. | CASE NO.:  2:18-cv-02055-APG-CWH<br><br>**ANSWER TO COUNTERCLAIM** |

COMES NOW, Plaintiff/Counterdefendant 702 HELICOPTER ("Plaintiff"), by and through its counsel of record Adam K. Bult, Esq., and Emily A. Ellis, Esq., of the law firm Brownstein Hyatt Farber Schreck, LLP, and hereby responds to the allegations in Counterclaimants/Defendants' Ashley Polston, and Theodore P. Wright Enterprises, Inc. ("Counterclaimants") Counterclaim filed November 28, 2018 (ECF NO. 7), as follows:

## PARTIES, JURISDICTION AND VENUE

1. Answering Paragraph 1 of Counterclaimants' Counterclaim, Counterdefendant admits each and every allegation contained therein.

2. Answering Paragraph 2 of Counterclaimants' Counterclaim, Counterdefendant admits each and every allegation contained therein.

3. Answering Paragraph 3 of Counterclaimants' Counterclaim, Counterdefendant admits each and every allegation contained therein.

4. Answering Paragraph 4 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required.

5. Answering Paragraph 5 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required.

6. Answering Paragraph 6 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

7. Plaintiff/Counterdefendant restates and incorporates its answers to Paragraphs 1 through 6 of the Counterclaim as though fully set forth herein.

8. Answering Paragraph 8 of Counterclaimants' Counterclaim, Counterdefendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies all allegations contained in said paragraph.

9. Answering Paragraph 9 of Counterclaimants' Counterclaim, Counterdefendant is not required to respond to the allegations therein as the document referred to therein speaks for itself. To the extent a response is required, Counterdefendant denies the allegations contained therein.

10. Answering Paragraph 10 of Counterclaimants' Counterclaim, Counterdefendant is not required to respond to the allegations therein as the document referred to therein speaks for itself. To the extent a response is required, Counterdefendant denies the allegations contained therein.

11. Answering Paragraph 11 of Counterclaimants' Counterclaim, Counterdefendant is not required to respond to the allegations therein as the document referred to therein speaks for itself. To the extent a response is required, Counterdefendant denies the allegations contained therein.

12. Answering Paragraph 12 of Counterclaimants' Counterclaim, Counterdefendant is not required to respond to the allegations therein as the document referred to therein speaks for itself. To the extent a response is required, Counterdefendant denies the allegations contained therein.

13. Answering Paragraph 13 of Counterclaimants' Counterclaim, Counterdefendant denies each and every allegation contained therein.

14. Answering Paragraph 14 of Counterclaimants' Counterclaim, Counterdefendant denies that Wright had any right to receive payments under any agreement, and is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore deny all allegations contained in said paragraph.

15. Answering Paragraph 15 of Counterclaimants' Counterclaim, Counterdefendant is not required to respond to the allegations therein as the document referred to therein speaks for itself. To the extent a response is required, Counterdefendant denies the allegations contained therein.

16. Answering Paragraph 16 of Counterclaimants' Counterclaim, Counterdefendant denies each and every allegation contained therein.

17. Answering Paragraph 17 of Counterclaimants' Counterclaim, Counterdefendant denies each and every allegation contained therein.

## **FIRST CAUSE OF ACTION**
### **(Breach of Contract)**

18. Plaintiff/Counterdefendant restates and incorporates its answers to Paragraphs 1 through 17 of the Counterclaim as though fully set forth herein.

19. Answering Paragraph 19 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

20. Answering Paragraph 20 of Counterclaimants' Counterclaim, Counterdefendant denies each and every allegation contained therein.

21. Answering Paragraph 21 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

22. Answering Paragraph 22 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

23. Answering Paragraph 23 of Counterclaimants' Counterclaim, Counterdefendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**(Breach of the Covenant of Good Faith and Fair Dealing)**

24. Plaintiff/Counterdefendant restates and incorporates its answers to Paragraphs 1 through 23 of the Counterclaim as though fully set forth herein.

25. Answering Paragraph 25 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

26. Answering Paragraph 26 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

27. Answering Paragraph 27 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

28. Answering Paragraph 28 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

29. Answering Paragraph 29 of Counterclaimants' Counterclaim, Counterdefendant denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

30. Plaintiff restates and incorporates its answers to Paragraphs 1 through 29 of the Counterclaim as though fully set forth herein.

31. Answering Paragraph 31 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

32. Answering Paragraph 32 of Counterclaimants' Counterclaim, Counterdefendant admits that Polston has requested payment from Counterdefendant, but denies that any such payment is due and owing and denies each and every remaining allegation therein.

33. Answering Paragraph 33 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

34. Answering Paragraph 34 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

35. Answering Paragraph 35 of Counterclaimants' Counterclaim, Counterdefendant denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### (Conversion)

36. Plaintiff restates and incorporates its answers to Paragraphs 1 through 35 of the Counterclaim as though fully set forth herein.

1  37. Answering Paragraph 37 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

38. Answering Paragraph 38 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

39. Answering Paragraph 39 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

40. Answering Paragraph 40 of Counterclaimants' Counterclaim, allegations in said Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Counterdefendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim and each and every cause of action stated therein fails to state a claim against Counterdefendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All of Counterclaimants' claims which rely on the existence of an enforceable agreement fail due to the fact that there is no enforceable agreement.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to the Counterclaim, Counterdefendant performed all of its obligations, if any, and was justified or privileged in its actions.

### FOURTH AFFIRMATIVE DEFENSE

If Counterclaimants suffered or sustained any loss, injury, damage or detriment, the same were directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Counterclaimants, thereby completely or partially barring Counterclaimants' recovery herein.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**FIFTH AFFIRMATIVE DEFENSE**

The relief sought by Counterclaimants is barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Counterclaimants have failed to mitigate their purported damages, as Counterclaimants failed to exercise reasonable care and diligence to avoid loss and minimize their damages, if any, thus barring or limiting the recovery sought by Counterclaimants.

**SEVENTH AFFIRMATIVE DEFENSE**

Counterdefendant has been required to retain the services of Brownstein Hyatt Farber Schreck, LLP to defend this action, and reasonable attorneys' fees and costs of suit herein incurred should be awarded therefore.

**EIGHTH AFFIRMATIVE DEFENSE**

Counterclaimants' claims fail as a matter of law because they do not have authority to bring this action because they do not own the helicopter at issue.

**NINTH AFFIRMATIVE DEFENSE**

Counterclaimants' cause of action for breach of the covenant of good faith and fair dealing is barred because Counterclaimants breached their reciprocal covenant of good faith and fair dealing.

**TENTH AFFIRMATIVE DEFENSE**

Counterclaimants' claims, and each of them, are barred due to fraud.

**ELEVENTH AFFIRMATIVE DEFENSE**

Pursuant to Rule 11 of NRCP as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts are not available after reasonable inquiry from the filing of Counterclaimants' Counterclaim. In the event further investigation or discovery in this case reveals the applicability of any additional affirmative defenses, including but not limited to those affirmative defenses enumerated to NRCP 8(c), Counterdefendant reserves the right to specifically assert any such defenses. The defenses contained in NRCP 8(c) are incorporated herein by reference for the specific purpose of not waiving any such defenses.

18271841

7

**WHEREFORE**, Counterdefendant prays for judgment against Counterclaimants as follows:

1. Counterclaimants take nothing by way of their Counterclaim;

2. For costs and disbursements in favor of Counterdefendant;

3. For a reasonable award of attorney fees in favor of Counterdefendant; and

4. For such other relief as the Court deems appropriate under the circumstances.

DATED this 19th day of December, 2018.

                BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: */s/ Emily A. Ellis*
    ADAM K. BULT, ESQ., Nevada Bar No. 9332
    abult@bhfs.com
    EMILY A. ELLIS, ESQ., Nevada Bar No. 11956
    eellis@bhfs.com
    100 North City Parkway, Suite 1600
    Las Vegas, NV  89106-4614
    Telephone:  702.382.2101
    Facsimile:  702.382.8135

*Attorneys for Plaintiff/Counterdefendant*
*702 Helicopter*

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **ANSWER TO COUNTERCLAIM** was served via electronic service on the 19th day of December, 2018, to the addresses shown below:

Justin J. Zarcone, Esq.
ATKIN WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, NV  89102
jzarcone@awslawyers.com

*Attorneys for Defendants/Counterclaimants*

/s/  Paula Kay
an employee of Brownstein Hyatt Farber Schreck, LLP

18271841

9